**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 26 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-1374 |
| Plaintiff - Appellee, | D.C. No. 1:19-cr-00153-DLC-1 |
| v. | |
| JOSHUA JOHN WELLIVER, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted December 17, 2024**

Before:    WALLACE, GRABER, and BUMATAY, Circuit Judges.

Joshua John Welliver appeals from the district court's order denying his

second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  We

have jurisdiction under 28 U.S.C. § 1291.  Reviewing for abuse of discretion, *see*

*United States v. Wright*, 46 F.4th 938, 944 (9th Cir. 2022), we affirm.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Welliver contends that the district court erred by failing to treat his family circumstances and the impact the COVID-19 pandemic has had on the conditions of his incarceration as extraordinary and compelling reasons for release. We need not reach this argument because the district court independently concluded that the 18 U.S.C. § 3553(a) factors weighed against release. *See Wright*, 46 F.4th at 948. Contrary to Welliver's argument, the court did not abuse its discretion in concluding that completion of Welliver's sentence—which already included a significant downward variance—would "best serve the aims of sentencing under § 3553(a), especially the need to promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public." *See United States v. Robertson*, 895 F.3d 1206, 1213 (9th Cir. 2018) (a district court abuses its discretion only if its decision is illogical, implausible, or without support in the record). Moreover, the court sufficiently explained its decision. *See Wright*, 46 F.4th at 948-50.

**AFFIRMED**.